UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ROBERT JOHN WOLFF,

                              Plaintiff,

        - *against* -

TOWN OF MOUNT PLEASANT, CHAPPAQUA
CENTRAL SCHOOL DISTRICT LIBRARY, and
THE WESTCHESTER COUNTY DEPARTMENT
OF HUMAN RESOURCES,

                              Defendants.

06 Civ. 3864 (CS) (LMS)

REPORT AND
RECOMMENDATION

TO:   THE HONORABLE CATHY SEIBEL,
      UNITED STATES DISTRICT JUDGE

        Defendant Westchester County Department of Human Resources (herein, "the County")

moves to dismiss that portion of pro se Plaintiff Robert Wolff's (herein, "Plaintiff") Third

Amended Complaint alleging that it committed acts of retaliation against the Plaintiff in violation

of the First Amendment.  See Docket #60, Westchester County's Notice of Motion to Dismiss.

The County argues that it should be dismissed from this case entirely under FED. R. CIV. P.

12(b)(6) because the allegations contained within the Plaintiff's Third Amended Complaint fail

to state a claim for relief against it under the Supreme Court's decision in Monell v. New York

City Dep't of Soc. Serv., 436 U.S. 658 (1978), and because the allegations fail to articulate the

facts needed to substantiate a claim of First Amendment retaliation under 42 U.S.C. §1983.  See

Docket #61, Westchester County's Memorandum of Law (herein, "County Mem.") at pp. 9-18.

        For the reasons stated below I conclude, and respectfully recommend that Your Honor

should conclude, that the County's motion to dismiss should be granted and that it should be

1

dismissed from this case.[1]

## BACKGROUND

A.    Procedural History and Facts

The following brief facts informing the instant recommendation are drawn from the

documents filed in connection with this litigation and are primarily taken from the Plaintiff's

Third Amended Complaint.  The facts asserted in the Plaintiff's Third Amended Complaint are

assumed to be true for the purposes of this motion.  See Raila v. United States, 355 F.3d 118, 119

(2d Cir. 2004).

1.    Procedural History

Plaintiff first commenced the instant litigation against one of his current employers,

Defendant Town of Mount Pleasant, alleging age-based discrimination in violation of the Age

Discrimination in Employment Act, 29 U.S.C. §621, et seq.  See Docket #1, Complaint; Docket

#14, Amended Complaint.  Following a period of pretrial discovery managed by the undersigned,

Plaintiff sought leave of the Court to file a Second Amended Complaint adding additional

allegations of discriminatory treatment against the Town of Mount Pleasant and adding as

additional defendants his other employer, Defendant Chappaqua Library, and the Westchester

County Department of Human Resources.  See Docket #25, Plaintiff's Motion for Leave to File a

Second Amended Complaint.  Plaintiff alleged in his proposed Second Amended Complaint that

the Chappaqua Library retaliated against him once it learned of his suit against the Town of

---

[1] Defendants Town of Mount Pleasant and the Chappaqua Library have answered
Plaintiff's Second and Third Amended Complaints and do not join in the County's motion to
dismiss.  See Docket #53, Minute Entry dated October 14, 2008, deeming previously filed
answers by the Town of Mount Pleasant and the Chappaqua Library to the Second Amended
Complaint as their answers to the Third Amended Complaint.

Mount Pleasant by drastically reducing his hours and that the Westchester County Department of Human Resources, which serves as an umbrella organization overseeing both municipal entities' civil service compliance, aided in the Chappaqua Library's retaliatory conduct.  Id.

The undersigned granted in part and denied in part Plaintiff's motion for leave to file a Second Amended Complaint.  See Docket #33, Decision and Order dated March 4, 2008 (herein, "March 4 Decision").  The undersigned concluded that Plaintiff had adequately stated a claim of retaliation against the Chappaqua Library under the ADEA in light of his participation in this suit and its election to reduce Plaintiff's working hours.  See March 4 Decision at p. 6.  The undersigned opined, however, that Plaintiff's allegations against the County under the ADEA for retaliation appeared misplaced because the Plaintiff and the County are not in an employer-employee relationship.  See id. at p. 6-7 ("It is unclear to the undersigned whether the Plaintiff could assert a retaliation claim against the [County] under the ADEA because the Plaintiff was not an employee of the [County] and the [County] was not the Plaintiff's employer.") (citing 29 U.S.C. §623(d)).  In a footnote, the undersigned raised the prospect that Plaintiff's claim might be viable under a First Amendment retaliation theory brought under §1983.  See id. at p. 7 n.1.  Absent more information, however, the undersigned declined to consider this possibility *sua sponte* and held that "the facts pled in the Proposed Second Amended Complaint" did not appear to comport with the Second Circuit's standard governing First Amendment retaliation claims advanced by public employees.  Id.  The Court thus denied without prejudice Plaintiff's effort to include the County as a defendant in the instant action.  Id.

Following this decision, Plaintiff again sought leave of the Court to file a third amended complaint, this time adding the County as a defendant to a claim of "First Amendment retaliation

. . . because I (Plaintiff) spoke out as a private citizen (I am not employed by Westchester County) about several matters of public concern."  See Docket #54, Third Amended Complaint (herein, "Third Am. Comp.") at ¶B.  In his proposed Third Amended Complaint, Plaintiff reiterated many of the same factual averments against the County contained within his Second Amended Complaint, which included his claims that he attempted to secure the assistance of the County to investigate the Town of Mount Pleasant and the Chappaqua Library's alleged noncompliance with state and local civil service laws and requirements.  See Third Am. Comp. at ¶¶8(L)-(P).[2]  In his proposed Third Amended Complaint, however, Plaintiff elaborated upon his prior allegations and asserted that he was retaliated against in violation of the First Amendment and 42 U.S.C. §1983 because of his exercise of his First Amendment rights as a private citizen. See Third Am. Comp. at ¶B.  On October 14, 2008, the undersigned granted Plaintiff leave to file his Third Amended Complaint adding the County as a defendant to his claims of First Amendment retaliation under §1983 without opposition.  See Docket #53, Minute Entry dated October 14, 2008.  During that conference, counsel for the Town of Mount Pleasant and the Chappaqua Library noted that neither of them represented the County and that neither of them had an opinion as to the propriety of the claims asserted against the County.  Id.

Following service of the Third Amended Complaint on the County, the County filed the instant motion to dismiss pursuant to FED. R. CIV. P. 12(b)(6) challenging the Plaintiff's allegations.  The County's motion to dismiss was fully submitted on March 3, 2009.

---

[2] Plaintiff's Third Amended Complaint does not add or subtract factual allegations against the Town of Mount Pleasant or the Chappaqua Library.

4

2.      Facts Contained in Plaintiff's Third Amended Complaint

Plaintiff asserts that he contacted the County following Chappaqua Library notifying him

that his hours at the library were being reduced due to purported noncompliance with state and

local civil service requirements.  See Third Am. Comp. at ¶8(L).  Plaintiff claims that the County

issued a gross earnings report covering his hours worked at the Chappaqua Library for 2006 that

was "clerically incorrect" insofar as it listed him as working as a library clerk twice; Plaintiff, in

fact, works for the Chappaqua Library both as a library clerk and as a custodial worker.  See

Third Am. Comp. at ¶8(J).  The County informed the Chappaqua Library of this duplication and

separately noted that if Plaintiff was supposed to be designated as both a clerk and a custodian,

then the aggregate hours he worked "would have been more hours than is allowed for this type of

appointment."  See Docket #66, Plaintiff's Opposition to the County's Motion to Dismiss

(herein, "Pl's Opp."), Ex. P13B.[3]  Plaintiff holds both of these positions of employment as part-

time positions and is not a civil service member.  See Third Am. Comp. at ¶8(J).

Following the Chappaqua Library reducing his hours, Plaintiff contacted the County

directly and spoke with several County officials, including Betsy Weir, a human resources

specialist, Rosemary Pagnotta-Pagano, Assistant Commissioner of Human Resources, Edward

Brancati, Deputy Commissioner of Human Resources, and Paula Zeman, Commissioner of

---

[3]  Although the material the Court may rely upon in considering a motion to dismiss is
limited to the facts contained in the pleadings and the documents relied upon therein, see FED. R.
CIV. P. 12(d); Cortec Indus. v. Sum Holding, L.P., 949 F.2d 42, 48 (2d Cir. 1991), Courts in this
District have looked to additional facts and information posited by a plaintiff in his or her
opposition in an effort to explore a plaintiff's allegations fully on a motion to dismiss.  See infra
at p. 8.  As discussed below, looking to these materials does not prejudice the plaintiff and does
not warrant conversion of a defendant's motion to dismiss into a motion for summary judgment
under Rule 12(d).

Human Resources.  Plaintiff claims that he raised his concerns about the timing of the Chappaqua Library's reduction of his hours and his concerns about possible retaliation and "blackballing," with Ms. Weir, Ms. Pagnotta-Pagano, and Mr. Brancati, and asserts that although he "pleaded for the help of [the County], . . . [he was] told that [the County] could do nothing to help."  See Third Am. Comp. at ¶8(P).  Plaintiff further claims in his Opposition that he was told early on by County employees that "the situation with the Town of Mount Pleasant was why they [the County] could not accommodate [him] in Chappaqua."  See Pl's Opp. at ¶37.  Plaintiff contends that these statements evidence the County's intentional efforts to forestall investigating his claims of retaliation and of violations of the state and local civil service laws and requirements against the Town of Mount Pleasant and the Chappaqua Library.  Id.

Plaintiff pleads these facts in support of his First Amendment retaliation claim against the County under 42 U.S.C. §1983.  See Third Am. Comp. at ¶B.  Plaintiff asserts that he, in his private, individual role as a citizen, spoke out on matters of public concern about the "discriminatory hiring practices in the Town of Mount Pleasant . . . the non-existent (sic), negligent and false civil service certification documents filed by the Chappaqua Central School District Library with the [County] . . . [and] [t]he complete failure of the [County] to properly respond to any of these matters . . . ."  Id.  Plaintiff's prayer for relief includes a request for monetary damages and a request for injunctive and declaratory relief.  Id.

B.     County's Rule 12(b)(6) Motion to Dismiss

In lieu of an Answer, the County moves to dismiss Plaintiff's Third Amended Complaint on two grounds.  First, the County claims that the Plaintiff's allegations fail to meet the pleading requirements needed to establish liability against a municipal entity under Monell v. New York

City Dep't of Soc. Serv., 436 U.S. 658 (1978), because he fails to plead that such wrongdoing
was the result of a municipal policy or custom maintained by the County.  See County Mem. at
pp. 9-10.  Second, the County argues that Plaintiff's efforts to use certain "buzzwords" to
establish his First Amendment retaliation claim should be discredited and that a review of the
substance of his claims reveals that he has not spoken out on a matter of public concern protected
by the First Amendment, that the County has committed no wrongful conduct against the
Plaintiff in response to his First Amendment activity, and that, assuming that his claim is not
analyzed as one brought by a public employee, his free speech rights have not been chilled by the
County's allegedly retaliatory conduct.  See County Mem. at pp. 13-18.

## DISCUSSION

A.    Rule 12(b)(6) Standard of Review

When considering a defendant's Rule 12(b) motion to dismiss, "the court must take all
facts alleged in the complaint as true and draw all reasonable inferences in the plaintiff's favor."
Raila, 355 F.3d at 119.  Under this standard, "[d]ismissal is inappropriate unless it appears
beyond a doubt that the plaintiff can prove no set of facts which entitle him or her to relief."  Id.
A Rule 12(b)(6) motion to dismiss thus challenges the legal sufficiency of the Plaintiff's
averments and only should be granted when "it appears beyond doubt that the Plaintiff can prove
no set of facts in support of his [or her] claim which would entitle him [or her] to relief," Conley
v. Gibson, 355 U.S. 41, 45-46 (1957).  Put another way, "Rule 12(b)(6) authorizes a court to
dismiss a claim on the basis of a dispositive issue of law," Neitzke v. Williams, 490 U.S. 319,
326 (1989), and granting a Rule 12(b)(6) motion to dismiss is considered a ruling on the merits
of the Plaintiff's claims, see Alliance for Envtl. Renewal, Inc. v. Pyramid Crossgates Co., 436

F.3d 82, 88 n.6 (2d Cir. 2006).

When reviewing a 12(b)(6) motion to dismiss, it is appropriate for the court only to determine the legal sufficiency of the Complaint and not to weigh the evidence that may be presented at trial.  See Goldman v. Belden, 754 F.2d 1059, 1067 (2d Cir. 1985).  As such, the Court may only consider the information contained in the four corners of the Complaint, including "any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference," or any other document that the complaint "relies heavily upon . . . render[ing] the document integral to the complaint."  Chambers v. Time Warner, Inc., 282 F.3d 147, 152-53 (2d Cir. 2002).  In this case, however, I conclude, and respectfully recommend that Your Honor should conclude, that the Court can look outside of the four corners of the Plaintiff's pleadings to some of the factual assertions contained in the Plaintiff's Opposition in an effort to construe his claims without having to convert the County's motion to dismiss into a motion for summary judgment.  See Global Network Communications v. City of New York, 458 F.3d 150, 155 (2d Cir. 2006) (explaining that looking only to the four corners of a plaintiff's complaint ensures that the court does not consider uncontested material and prejudice the plaintiff); see also 4Connections v. Optical Communications, 08 Civ. 1282 (DLI)(RML), 2009 WL 805134, at *3 (E.D.N.Y. March 27, 2009) (discussing that Rule 12(d)'s ban on extraneous materials is intended to prevent the plaintiff from being disadvantaged by the Court considering new information submitted by a defendant).

B.    Grounds in Support of the County's Motion to Dismiss

Although the County advances two arguments in support of dismissal from this case, I respectfully recommend that Plaintiff's allegations fail to establish a First Amendment retaliation

claim as a matter of law and that the County's Rule 12(b)(6) motion to dismiss should be granted

on this ground.  I respectfully recommend, therefore, that Your Honor need not consider whether

Plaintiff's allegations against the County satisfy <u>Monell</u>'s standard for stating a claim for relief

against a municipal entity.

      1.      Elements of First Amendment Retaliation

      Claims of First Amendment retaliation asserted outside of the prison context are generally

divided into two distinct categories: (1) claims made by public employees who claim that they

were retaliated against for speaking out on matters of public concern; and (2) claims made by

private citizens asserting that the government took retaliatory action against them based upon

their exercise of their First Amendment rights.  <u>See</u>, <u>e.g.</u>, <u>Williams v. Town of Greenburgh</u>, 535

F.3d 71, 76 (2d Cir. 2008) (differentiating between public employee First Amendment retaliation

claims and private citizen First Amendment retaliation claims).  In the Decision and Order

previously issued by the undersigned permitting Plaintiff to file a Second Amended Complaint,

the undersigned assumed without deciding that Plaintiff's proposed claim of First Amendment

retaliation against the County would fall into the former category of First Amendment case law in

light of the fact that Plaintiff's original claims against the Town of Mount Pleasant and the

Chappaqua Library were employment discrimination claims and that the nature of the complaints

he brought to the County concerned the application of the civil service laws and procedures that

impacted upon his ability to work at both of these municipal entities.  <u>See</u> March 4 Decision at p.

7 n.1.  In his Third Amended Complaint, however, Plaintiff now asserts that he exercised his

rights as a private citizen, and not as a public employee, and notes, as the undersigned did

previously, that he is not a County employee.  <u>See</u> Third Am. Comp. at ¶B.  The County,

however, objects to Plaintiff's self described private citizen status for the purposes of his §1983 claim and implies that he is relying upon this status in an effort to circumvent the case law governing public employee claims of First Amendment retaliation.  See County Mem. at pp. 4-6, 10-11.  The County, moreover, raises the prospect that "[t]he case before this Court presents a unique factual situation" insofar as Plaintiff asserts a claim against a government entity that has some ministerial oversight over his immediate employers, yet has no direct control either over the Plaintiff's terms and conditions of employment or over his employers.  See County Mem. at pp. 11-12.

Respectfully, the undersigned disagrees with the purported novelty of this scenario, and respectfully recommends that the Court need not delve into which First Amendment retaliation test is the most appropriate test to use in this case because of the existence of a narrower issue which is dispositive to Plaintiff's claims against the County.  For the reasons that follow, I respectfully recommend that Plaintiff fails to identify any actionable retaliatory conduct on the part of the County that could serve as the predicate for a First Amendment retaliation claim. Thus, whether Plaintiff is considered a public employee speaking on a matter of public concern, or is considered a private citizen exercising his First Amendment rights, I conclude, and respectfully recommend that Your Honor should conclude, that the Plaintiff fails to identify any actionable conduct that violates the First Amendment and that the County's motion to dismiss should be granted.

Both a private citizen plaintiff and a public employee plaintiff must allege that a defendant acted in response to his or her exercise of protected First Amendment activity in order to maintain his or her claim for relief.  See, e.g., Brooklyn Legal Servs. Corp. v. Legal Servs.,

10

462 F.3d 219, 226 (2d Cir. 2006) (discussing the nature of an injury a First Amendment plaintiff must allege).  Absent some conduct causing an injury to a plaintiff's rights, a plaintiff cannot maintain a claim for relief.  Id.  In Brooklyn Legal Services Corp., the Second Circuit reaffirmed that complainants "must have suffered some threatened or actual injury resulting from the putatively illegal action," see 462 F.3d at 226, and that "a plaintiff must demonstrate some specific present or future objective harm that the challenged [action] has inflicted by deterring him [or her] from engaging in protected activity," id. (discussing the nature of the standing inquiry in First Amendment retaliation litigation).

     In order to maintain a First Amendment retaliation claim, a private citizen complainant must allege that the defendant took some action in response to his or her First Amendment activity that "effectively chilled the exercise of his [or her] First Amendment right[.]"  See Williams, 535 F.3d at 76 (quoting Curley v. Village of Suffern, 268 F.3d 65, 73 (2d Cir. 2001)); see also id. at 76 (concluding that although plaintiff engaged in First Amendment activity, defendant did not constitutionally impair plaintiff's freedom of speech).  Differing from this test, a public employee plaintiff who claims that he or she was retaliated against for exercising his or her First Amendment rights must show that the defendant implemented an "adverse employment action" against the plaintiff because of his or her engagement in First Amendment activity touching upon a matter of public concern.  See Williams, 535 F.3d at 76 (quoting Johnson v. Ganim, 342 F.3d 105, 112 (2d Cir. 2003)); Feingold v. New York, 366 F.3d 138, 160 (2d Cir. 2004).  The Second Circuit has defined an adverse employment action as any "conduct that would deter a similarly situated individual of ordinary firmness from exercising his or her constitutional rights . . .," Zelnik v. Fashion Inst. of Tech., 464 F.3d 217, 225 (2d Cir. 2006)

11

(quotations omitted), and has opined that the spectrum of adverse employment action is quite

broad, see id. at 226.  Thus, in the private citizen context, a plaintiff must allege that his or her

First Amendment rights have been chilled by the defendant's impermissible conduct, and in the

public employee context, a plaintiff must allege that the defendant took an adverse employment

action substantially motivated by a plaintiff's First Amendment activity.

    In the instant case, regardless of which test is the best test for Plaintiff's claims, I

respectfully recommend that Plaintiff fails to identify an action that the County took, or failed to

take, that could substantiate his claim of First Amendment retaliation against the County.  As

pled by Plaintiff in his Third Amended Complaint, the gravamen of his complaint is that the

County "[did] nothing to help" him in response to his complaints regarding the Town of Mount

Pleasant and the Chappaqua Library.  See Third Am. Comp. at ¶8(P).  Government entities,

however, do not have affirmative constitutional responsibilities to investigate charges and

complaints brought to them for consideration.  See Bernstein v. New York, 591 F. Supp. 2d 448,

460 (S.D.N.Y. 2008) (observing that the due process clause of the Fourteenth Amendment does

not impose an affirmative duty on governments to conduct investigations).  This proposition of

law has also been applied to cases involving claims that a plaintiff's right to petition the

government under the petition and redress clause of the First Amendment has been violated; in

such cases, District Courts in this Circuit have reasoned that "[t]he right to petition the

government does not create in the government a corresponding duty to act," Prestopnik v.

Whelan, 253 F. Supp. 2d 369, 375 (N.D.N.Y.), aff'd 83 Fed. Appx. 363 (2d Cir. 2003) (quotation

omitted).

    The facts of this case parallel the facts of another case heard in this District, Bal v. City of

New York, 94 Civ. 4450 (JSM), 1995 WL 46700 (S.D.N.Y. Feb. 7, 1995), in which the Court

held that the plaintiff failed to plead any actionable constitutional infirmity.  In Bal, the plaintiff

claimed that his complaints and allegations of official wrongdoing submitted to the City of New

York for review and consideration went unheeded because of his initiation of previous litigation

against the City.  See Bal, 1995 WL 46700, at *1.  The plaintiff in that case claimed that the

defendants failed to act upon his complaints because of his previously filed lawsuit and that such

inaction and refusal ran afoul of his First, Fifth, and Fourteenth Amendment rights.  See id. at *2.

In granting the City's motion to dismiss, Judge Martin observed that the plaintiff's Fifth and

Fourteenth Amendment claims failed because the plaintiff enjoyed neither a liberty interest nor a

property interest "in an investigation by the defendants of his allegations of wrongdoing."  Id.

Judge Martin also concluded that the plaintiff could not maintain a retaliation claim against the

defendants predicated upon the defendants' alleged refusal to investigate his complaints based

upon his prior lawsuit under the First Amendment because "the 'benefit' plaintiff was denied

here – an investigation which might have led to his reinstatement – is too tenuous to support such

a claim."  See id. at *3.  Judge Martin opined that the defendants who were sued did not have the

authority to conduct the investigation the plaintiff claimed he was entitled to and was denied, and

he also noted that the defendants did not have the statutory authority to reinstate the plaintiff to

his position of employment.  Id.

Similar to Bal, Plaintiff in this case asserts that he was denied a proper governmental

investigation because of the instant ongoing litigation against the Town of Mount Pleasant and

the Chappaqua Library.  Following the reasoning in Bal, however, I respectfully recommend that

this allegation does not state a claim for relief in light of the fact that the County is not charged

13

with the constitutional duty to investigate Plaintiff's complaints.  See Berstein, 581 F. Supp. 2d at 460.  As in Bal, the instant Plaintiff submitted complaints to a municipal entity that does not have control over the employment decisions made by either of his municipal employers whom he sued.  Moreover, the conduct substantiating the Plaintiff's complaints of reprisal focuses on actions taken by the Chappaqua Library, which, according to the Plaintiff himself, is the entity that improperly certified his status and working hours to the County.  See Third Am. Comp. at ¶¶8(L)-(M); see also Pl's Opp. at ¶44 ("I was penalized for working hours anticipated and approved by both the Library Board and the former Library Director, thus I was penalized for the non-compliance of the responsible Appointing Officer (Library Director) in fully reporting my hours . . .").  Plaintiff claims that it was the Chappaqua Library's responsibility to certify his working hours and status to the County, and that it was the County who responded to the Chappaqua Library's certification, noting that the certification did not appear to be in conformity with state and local law.  See Third Am. Comp. at ¶8(M); see also Pl's Opp. at ¶45-46.  These actions, which Plaintiff recounts in his Third Amended Complaint, even construed liberally, do not raise an inference that Plaintiff was retaliated against by the County for engaging in First Amendment activity; these allegations continue to confirm his claim of retaliation against the Chappaqua Library, the propriety of which is presently being litigated in this suit.  See County Mem. at p. 16 n.9; see also March 4 Decision at p. 6 ("Under the facts proposed by the Plaintiff . . . the timing of the changes to Plaintiff's employment with one municipal entity [the Chappaqua Library] suggest that such changes were instigated in response to [his] efforts to prosecute his original claim against another sister municipal entity within Westchester County [the Town of Mount Pleasant].").

The persuasive reasoning offered in <u>Bal</u> confirming that the plaintiff in that case failed to state a claim for relief is even more compelling in this litigation where the Plaintiff's original lawsuit was filed against one local municipal entity and his subsequent allegation of misconduct and inaction is directed against a separate municipal entity.  <u>See Bal</u>, 1995 WL 46700, at *1 (explaining that the plaintiff, who was previously employed by the New York City Board of Education, submitted a memo complaining about violations of the Board of Education's regulations).  In <u>Bal</u>, Judge Martin ruled that the plaintiff could not maintain his claim for an alleged failure to investigate a complaint filed against the same municipal entity he had originally sued.  <u>See id.</u> at *3.  In this case, however, there is no similarity of identity between the original defendants, the Town of Mount Pleasant and the Chappaqua Library, and the defendant added in the Plaintiff's Third Amended Complaint, the County Department of Human Resources.  This dissimilarity makes the persuasive analysis offered in <u>Bal</u> regarding the nonexistence of a retaliation claim based upon a municipal entity's failure to commence an investigation into alleged violations of local regulations even more poignant given that this case involves separate municipal entities that only have administrative interaction with one another.

For the above stated reasons, I conclude, and respectfully recommend that Your Honor should conclude, that the Plaintiff has failed to identify any action or omission that could support Plaintiff's assertion of a First Amendment violation.  Plaintiff has no demonstrated right to compel a governmental investigation into his claims, and his suggestion that the County's inaction was the result of retaliatory animus cannot support his §1983 First Amendment retaliation claim.  This recommendation applies with equal force whether Plaintiff's claim is analyzed in the public employee context or the private citizen context; in either case, Plaintiff's

allegations fail to identify a cognizable act committed by the County that gives rise to a constitutional deprivation actionable under §1983 and the case law of this Circuit. I therefore respectfully recommend that the County's motion to dismiss the Plaintiff's Third Amended Complaint should be granted and that the County should be dismissed from this case as a named defendant.

## CONCLUSION

For the aforementioned reasons I conclude, and respectfully recommend that Your Honor should conclude, that the County's motion to dismiss, docket number 60, should be granted and that the County should be dismissed from this case as a named defendant.

## NOTICE

_____Pursuant to 28 U.S.C. §636(b)(1), as amended, and FED. R. CIV. P. 72(b), the parties shall have ten (10) days, plus an additional three (3) days, pursuant to FED. R. CIV. P. 6(d), or a total of thirteen (13) working days, see FED. R. CIV. P. 6(a), from the date hereof, to file written objections to this Report and Recommendation. Such objections, if any, shall be filed with the Clerk of the Court with extra copies delivered to the chambers of The Honorable Cathy Seibel at the United States Courthouse, 300 Quarropas Street, White Plains, New York, 10601, and to the chambers of the undersigned at the same address.

Failure to file timely objections to this Report and Recommendation will preclude later appellate review of any order of judgment that will be entered.

Requests for extensions of time to file objections must be made to Judge Seibel.

Dated: April 24, 2008
       White Plains, New York


                              Respectfully Submitted,


                              _____
                              Lisa Margaret Smith
                              United States Magistrate Judge
                              Southern District of New York

A copy of the foregoing Report and Recommendation has been sent to the following:

       The Honorable Cathy Seibel, U.S.D.J.

       Pro se Plaintiff and Counsel of Record for Defendants Town of Mount Pleasant, the
       Chappaqua Library, and the Westchester County Department of Human Resources

17