UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------x
ROBERT JOHN WOLFF,

                                  Plaintiff,

                        06-CV-3864 (CS)(LMS)

         - against -

**ORDER ADOPTING REPORT AND RECOMMENDATION**

TOWN OF MOUNT PLEASANT, CHAPPAQUA
CENTRAL SCHOOL DISTRICT LIBRARY and
WESTCHESTER COUNTY DEPARTMENT OF
HUMAN RESOURCES,

                                Defendants.
-----------------------------------------------------------------------x

Seibel, J.

      Before the Court is the Report and Recommendation ("R&R") of Magistrate Judge Lisa Margaret Smith dated April 27, 2009.  (Doc. 69.)  Judge Smith recommends that Defendant Westchester County Department of Human Resources' motion to dismiss the sole claim against it in Plaintiff's Complaint – a claim for First Amendment retaliation – be granted.

      A district court reviewing a magistrate judge's report and recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C).  Parties may raise objections to the magistrate judge's report and recommendation, but they must be "specific" and "written," and submitted "[w]ithin 10 days after being served with a copy of the recommended disposition."  Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1)(C).

      Where a party submits timely objections to a report and recommendation, the district court reviews the parts of the report and recommendation to which the party objected under a *de novo* standard of review.  28 U.S.C. § 636(b)(1)(C); *see* Fed. R. Civ. P. 72(b)(3) ("The district

-1-

judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions."). The district court may adopt those portions of a report and recommendation to which no objections have been made, as long as no clear error is apparent from the face of the record. *See White v. Fischer*, No. 04-CV-5358, 2008 WL 4210478, at *1 (S.D.N.Y. Sept. 12, 2008)[1]; *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985); Fed. R. Civ. P. 72 advisory committee's note (b). The clearly-erroneous standard also applies when a party makes only "conclusory or general objections, or simply reiterates his original arguments." *Barratt v. Joie*, No. 96-CV-324, 2002 WL 335014, at *1 (S.D.N.Y. Mar. 4, 2002).

Plaintiff's time to object to the R&R has run and he has filed no objections. I discern from the face of the record no clear error in the recommendation of the R&R, and accordingly it is adopted as the decision of the Court, with the following exception.

Judge Smith applied a standard that is more favorable to the Plaintiff than current law allows. She cited *Conley v. Gibson*, 355 U.S. 41 (1957), for the proposition that a motion to dismiss "should only be granted when 'it appears beyond doubt that the Plaintiff can prove no set of facts in support of his [or her] claim which would entitle him [or her] to relief.'" (R&R at 7) (quoting *Conley*, 355 U.S. at 45-46) (alteration in R&R). In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), however, the Supreme Court stated that the no-set-of-facts standard had "earned its retirement," *id.* at 563, and that plausibility should be the touchstone when analyzing allegations for the purpose of a motion to dismiss, *id.* at 570. *Twombly* was an antitrust case, and there remained some question as to whether its holding applied universally or only to antitrust

---

[1] Plaintiff will be provided with copies of all unreported cases cited in this Order.

claims, *see Iqbal v. Hasty*, 490 F.3d 143, 155-57 (2d Cir. 2007), *rev'd*, *Ashcroft v. Iqbal*, 2009 WL 1361536 (S. Ct. May 18, 2009), but the Second Circuit thought that at least "the Court's rejection of the 'no set of facts' language from *Conley*'" would apply beyond the antitrust context. *See id.* at 157 n.7. Any "'uncertainty as to the intended scope of the Court's decision [in Twombly]'. . . , particularly regarding its reach beyond the antitrust context," *Weisbarth v. Geauga Park Dist.*, 499 F.3d 538, 541 (6th Cir. 2007) (quoting *Iqbal v. Hasty*, 490 F.3d at 157-58) (alteration in *Weisbarth*), has been laid to rest by the Supreme Court's recent decision in *Ashcroft v. Iqbal,* which stated explicitly that the standard announced in *Twombly* is not limited to the context of antitrust pleadings. *See* 2009 WL 1361536, at *16. That Judge Smith applied a more plaintiff-friendly standard than the law now requires reinforces my conclusion that she did not clearly err in dismissing Plaintiff's first amendment retaliation claim as to the Westchester County Department of Human Resources.

Accordingly, the motion to dismiss is granted, and the Westchester County Department of Human Resources is dismissed as defendant in this case. The Clerk of Court is respectfully directed to terminate the pending motion. (Doc. 60.)

**SO ORDERED.**

Dated: May 26, 2009
      White Plains, New York

*[signature]*
CATHY SEIBEL, U.S.D.J.