UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
ROBERT JOHN WOLFF,

                              Plaintiff,

                              06-CV-3864 (CS)(LMS)

      - against -

                              **ORDER ADOPTING**
TOWN OF MOUNT PLEASANT, CHAPPAQUA     **REPORT AND**
CENTRAL SCHOOL DISTRICT LIBRARY and    **RECOMMENDATION**
WESTCHESTER COUNTY DEPARTMENT OF
HUMAN RESOURCES,

                             Defendants.
------------------------------------------------------------------x

Seibel, J.

      Before the Court is the Report and Recommendation of United States Magistrate Judge Lisa Margaret Smith dated September 15, 2010 (the "R&R"). (Doc. 93.) Judge Smith recommends that the motion for summary judgment of the sole remaining Defendant, the Town of Mount Pleasant ("Town"), be granted. Plaintiff filed Objections to the R&R, (Doc. 95), and a concurrent application to move for permission to re-submit his statement pursuant to Local Rule 56.1 and for the Court to hold the motion in abeyance pending that re-submission, (Doc. 97). Because Plaintiff is *pro se*, I will construe both documents as together stating his objections to the R&R. Defendant Town responded to Plaintiff's Objections and application. (Doc. 96.) For the reasons stated below, the R&R is adopted as the decision of the Court. Familiarity with the R&R and prior proceedings in the case is presumed.

I.      Standard of Review

      A district court reviewing a magistrate judge's report and recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Parties may raise objections to the magistrate judge's report

and recommendation, but they must be "specific," "written," and submitted "[w]ithin 14 days after being served with a copy of the recommended disposition." Fed. R. Civ. P. 72(b)(2); *accord* 28 U.S.C. § 636(b)(1)(C).  A district court must conduct a *de novo* review of those portions of the report or specified proposed findings or recommendations to which timely objections are made.  28 U.S.C. § 636(b)(1)(C); *see* Fed. R. Civ. P. 72(b)(3) ("The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.").  The district court may adopt those portions of a report and recommendation to which no timely objections have been made, provided no clear error is apparent from the face of the record.  *Lewis v. Zon*, 573 F. Supp. 2d 804, 811 (S.D.N.Y. 2008); *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985); Fed. R. Civ. P. 72 advisory committee's note (b).  In addition, "[t]o the extent . . . that the party makes only conclusory or general arguments, or simply reiterates the original arguments, the Court will review the Report strictly for clear error." *Indymac Bank, F.S.B. v. Nat'l Settlement Agency, Inc.*, No. 07-6865, 2008 U.S. Dist. LEXIS 92267, at *2 (S.D.N.Y. Oct. 31, 2008); *accord Evans v. Ericole*, No. 06-3684, 2008 U.S. Dist. LEXIS 91556, at *2-3 (S.D.N.Y. Nov. 10, 2008) (reviewing report and recommendation for clear error where *pro se* plaintiff made only general objection); *Harden v. Laclaire*, No. 07-4592, 2008 U.S. Dist. LEXIS 86582, at *1-2 (S.D.N.Y. Oct. 27, 2008) (same); *Ortiz v. Barkley*, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008) ("Reviewing courts should review a report and recommendation for clear error where objections are merely perfunctory responses, argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original petition.") (internal quotation marks omitted).[1]  A

---

[1] Plaintiff will be provided with copies of all unpublished opinions cited in this Order.

decision is "clearly erroneous" when the Court is, "upon review of the entire record, [] left with the definite and firm conviction that a mistake has been committed." *United States v. Snow*, 462 F.3d 55, 72 (2d Cir. 2006) (internal quotation marks omitted).

The objections of parties appearing *pro se* are "generally accorded leniency" and should be construed "to raise the strongest arguments that they suggest." *Milano v. Astrue*, 05-6527, 2008 U.S. Dist. LEXIS 74488, at *3-4 (S.D.N.Y. Sept. 26, 2008) (internal quotation marks omitted). "Nonetheless, even a *pro se* party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a second bite at the apple by simply relitigating a prior argument." *Pinkney v. Progressive Home Health Servs.*, No. 06-5023, 2008 U.S. Dist. LEXIS 55034, at *2-3 (S.D.N.Y. July 21, 2008) (internal quotations marks omitted), *aff'd*, 2010 U.S. App. LEXIS 3645 (2d Cir. 2010); *accord Evans*, 2008 U.S. Dist. LEXIS 91556, at *2-3, *4-5 (reviewing report and recommendation for clear error where *pro se* plaintiff made only general objection); *Harden*, 2008 U.S. Dist. LEXIS 86582, at *1 (same). An objection to a report and recommendation in its entirety does not constitute a specific written objection within the meaning of Rule 72(b). *See Healing Power, Inc. v. Ace Cont'l Exps., Ltd.*, No. 07-4175, 2008 U.S. Dist. LEXIS 83021, at *2-3 (E.D.N.Y. Oct. 17, 2008) (finding general objection to report and recommendation not specific enough to constitute Rule 72(b) objection); *Hazen v. Perlman*, No. 05-CV-1262, 2008 U.S. Dist. LEXIS 73708, at *2 (N.D.N.Y. Sept. 9, 2008) (reviewing report and recommendation for clear error where *pro se* plaintiff did not specifically object to any particular portion of report)..

II.     Discussion

The only specific objection raised by Plaintiff is that Judge Smith erred in her handling of his failure to comply with Local Rule 56.1, so I review that issue *de novo*.

3

Judge Smith noted that while Plaintiff had provided a statement purporting to be a statement pursuant to Local Rule 56.1, he did not, as required by Rule 56.1, cite in that document to evidence which would support his assertions. (R&R at 2, 8-9.) Under the Rule and applicable case law – including *Giannullo v. City of New York*, 322 F.3d 139, 140 (2d Cir. 2003), *Holtz v. Rockefeller & Co.,* 258 F.3d 62, 74 (2d Cir. 2001), and *Gubitosi v. Kapica*, 154 F.3d 30, 31 n.1 (2d Cir. 1998) – Judge Smith exercised her discretion to accept as true those allegations in Defendant's Rule 56.1 statement that were supported by appropriate evidentiary citations, except to the extent Plaintiff had raised a factual dispute as to the allegation in his affidavit. (*See* R&R at 3, 8-9.)

Plaintiff argues that his failure to properly oppose Defendant's Rule 56.1 Statement was an innocent error that should be excused and that Judge Smith should not have regarded the allegations in Defendant's Rule 56.1 Statement as unopposed. Plaintiff offers no real excuse, however, for his failure to comply with Rule 56.1. As required by Local Rule 56.2, Defendants included with their motion papers a "Notice to Pro Se Litigant Who Opposes a Motion For Summary Judgment." That Notice included reference to, as well as a copy of, Local Rule 56.1. Plaintiff was thus clearly on notice of his obligations under that Rule. The closest he comes to advancing an excuse for his failure to comply is that he was advised on June 24, 2010 that he was expected at a July 1, 2010 interview with his employer to discuss his attendance record and an incident that occurred on May 26, 2010.[2] To whatever extent the unwelcome news of June 24, 2010 affected Plaintiff's ability to respond, it was entirely ameliorated when Judge Smith

---

[2] Plaintiff states that he expected "trumped-up" discipline to result from that meeting, just as had occurred in November 2008. But his own documents submitted in opposition to the motion for summary judgment include a signed statement by him admitting to the conduct that resulted in the November 2008 discipline. (Exhibit 59T.)

granted, (Doc. 88), Plaintiff's June 25, 2010 request, based on "serious personal circumstances," for a two-week extension of time to submit his opposition to the motion, (Doc. 87).  Plaintiff thereafter never sought more time.  Further, he had had from May 3, 2010 to June 24, 2010 to work on his opposition without the distraction of impending meeting (which apparently did not result in any discipline).  In any event, there is simply no apparent connection between the June 24 notification of the July 1 meeting and Plaintiff's awareness of his obligations under Rule 56.1.  Plaintiff was able to submit a lengthy detailed affidavit, supporting exhibits, and what purported to be a Rule 56.1 counter-statement.  There is simply no discernable reason why he could not also have submitted a counter-statement that complied with the Rule.

In any event, notwithstanding Plaintiff's failure to comply with Rule 56.1, Judge Smith gave him the benefit of the doubt as a *pro se* litigant and essentially treated his affidavit as a Rule 56.1 statement, acknowledging all factual disputes raised by the affidavit, even though under Rule 56.1 and the case law she could have treated all of the supported allegations in Defendant's 56.1 statement as unchallenged.  Review of Plaintiff's affidavit makes plain that he appreciated what the issues were and addressed them in that affidavit to the extent he could.  Indeed, Plaintiff to this day has not indicated what additional facts he would wish to present via a re-submitted Rule 56.1 Statement that are not already in the record from his affidavit.  Accordingly, reviewing the matter *de novo* I find Magistrate Judge Smith's handling of Plaintiff's failure to comply with Rule 56.1 to be appropriate.  *See Geldzahler v. N.Y. Medical Coll.*, No. 09-1791, 2010 WL 3853245, at *1 n.1 (S.D.N.Y. Sept. 30, 2010); *Robertson v. Trustees of Columbia Univ.*, No. 08-1913, 2009 WL 3425647, at *1 n.1 (S.D.N.Y. Oct. 20, 2009).

Plaintiff raises no other issues in his Objections, so I review the remainder of the R&R for clear error. I find none, except perhaps for the Magistrate Judge's analysis of a double hearsay statement. (R&R at 14.) She concluded that Plaintiff's rendition of a statement made by one supervisor in turn recounting what another supervisor had said was inadmissible hearsay. If in fact the first supervisor purported to report what the second supervisor had said, it might well be admissible. *See Abrams v. Lightolier*, 50 F.3d 1204, 1216 (3d Cir. 1995). But it does not appear to me – from either Plaintiff's affidavit, (Doc. 66 ¶ 54), or his deposition, (Doc. 83 Ex. C at 119-24) – that the first supervisor was attributing any statement to the second supervisor; it seems at least as likely – indeed, more so – that the first supervisor was offering his surmise as to what the second supervisor might have been thinking. In that event, the statement was properly disregarded. Given this ambiguity, I cannot say I have a "definite and firm conviction that a mistake has been committed," *Snow*, 462 F.3d at 72, as to that issue, and I certainly have no such conviction as to the recommendation overall, because consideration of the statement would make no difference to the outcome in any event.

Accordingly, except as to that statement, I adopt the R&R as the opinion of the Court.

With respect to Plaintiff's application to move that I hold decision on this motion in abeyance pending re-submission of his Rule 56.1 statement, I decline to allow re-submission for the reasons stated above. *See United States v. Peldomo*, No. 10-69, 2010 WL 5071489, at *1 (E.D.N.Y. Dec. 7, 2010) (objections to R&R do not afford party "a second bite at the apple" because goal of assigning cases to Magistrate Judges is to increase efficiency) (internal quotation marks omitted); *Strujan v. Teachers Coll. Columbia Univ.*, No. 08-9589, 2010 WL 3466251, at *2 (S.D.N.Y. Sept. 3, 2010) (objections to R&R are not for second bite at apple or opening of

dialogue in which party may advance new theories or evidence; rather must be earnest protest that R&R contains fundamental error of fact or reasoning).

## Conclusion

For the reasons stated above, the R&R is (with the exception noted) adopted as the decision of the Court. The Clerk of the Court is respectfully directed to terminate the pending motion, (Doc. 83), and close the case.

**SO ORDERED.**

Dated: January 20, 2011
      White Plains, New York

                                            CATHY SEIBEL, U.S.D.J.